

U.S. Department of Justice

Michael J. Sullivan
United States Attorney
District of Massachusetts

FILED
IN CLERKS OFFICE
2004 FEB -5  P 4: 36
U.S. DISTRICT COURT
DISTRICT OF MASS.

---

*Main Reception: (617) 748-3100*            *John Joseph Moakley United States Courthouse*
                                            *1 Courthouse Way*
                                            *Suite 9200*
                                            *Boston, Massachusetts 02210*


January 23, 2004

James B. Krasnoo, Esq.
23 Main Street
Andover, MA 01810

Re: <u>U.S. v. Heraclito Segovia</u>
    Criminal No. M.J. 03-1725-CBS
                 04-40001-NMG

Dear Mr. Krasnoo:

   This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Heraclito Segovia ("Defendant"), in the above-captioned case. The Agreement is as follows:

   1.  <u>Change of Plea</u>

   At the earliest practicable date but in no event later than February 5, 2004, Defendant shall waive indictment and plead guilty to all counts in which he is named in a Criminal Information, a copy of which you have already received. Defendant expressly and unequivocally admits that he in fact knowingly and willfully committed the crimes charged in counts I through IV of the Information, charging him with: conspiracy, in violation of 18 U.S.C. § 371; identity document fraud, in violation of 18 U.S.C. § 1028(a)(3); false use of passports, in violation of 18 U.S.C. § 1543; and use of counterfeit visas, in violation of 18 U.S.C. § 1546(a), and is in fact guilty of those offenses.

   2.  <u>Penalties</u>

   Defendant faces the following maximum penalties:  On the charge of conspiracy in violation of 18 U.S.C. § 371, five years in prison, three years of supervised release, a $250,000.00 fine and a $100.00 mandatory special assessment; on the charge of

identity document fraud in violation of 18 U.S.C. § 1028(a)(3), fifteen years in prison, three years of supervised release, a $250,000.00 fine and a $100.00 mandatory special assessment; on the charge of false use of passports in violation of 18 U.S.C. § 1543, ten years in prison, three years of supervised release, a $250,000.00 fine and a $100.00 mandatory special assessment; and on the charge of use of counterfeit visas in violation of 18 U.S.C. § 1546(a), ten years in prison, three years of supervised release, a $250,000.00 fine and a $100.00 mandatory special assessment.

Defendant is deportable and/or removable from the United States, and agrees to be deported. At sentencing, Defendant will stipulate to an Order of Judicial Deportation as a consequence of his conviction of the offenses to which he is pleading guilty. A form of that Order is attached hereto.

3.   <u>Sentencing Guidelines</u>

Based upon information currently known to the government, the parties will take the following positions at sentencing under the United States Sentencing Guidelines:

    (a)   That the applicable United States Sentencing Guideline is §2L2.1, the base offense level for which is 11;

    (b)   That the number of documents/passports associated with defendant is greater than six and less than 25, resulting in an upward adjustment of three levels pursuant to §2L2.1(b)(2)(A); and

    (c)   That Defendant was a minor participant in the criminal activity, since he acted as a runner/broker of persons in obtaining the documents, as opposed to manufacturing or otherwise providing the documents, and pursuant to §3B1.2(b), his total offense level should be reduced by two levels.

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two levels Defendant's Adjusted Offense Level under U.S.S.G. §3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. §3E1.1 if, at any time

2

between his execution of this Agreement and sentencing Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit his conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d)    Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g)    Commits a crime; and/or

    (h)    Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. <u>Sentence Recommendation</u>

The U.S. Attorney and Defendant agree to recommend the following sentence before the District Court:

    (a)    Incarceration at the low end of the applicable guideline;

  (b) No fine, since, pursuant to U.S.S.G. § 5E1.2(e) Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able, to pay a fine;

  (c) Mandatory special assessment of $400.00;

  (d) Supervised release of three years; and

  (e) Deportation to be ordered by the U.S. District Court at the time of sentencing.

 The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

 In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

 5. <u>Payment of Mandatory Special Assessment</u>

 Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

 6. <u>Stipulation To Judicial Order Of Deportation</u>

 Defendant agrees he is not a citizen or national of the United States, and that he is a citizen of Brazil.

 Defendant agrees that when he is convicted in the instant criminal proceeding, he will be convicted in this court for the offenses of conspiracy in violation of 18 U.S.C. § 371; identity document fraud in violation of 18 U.S.C. § 1028(a)(3); false use of passports in violation of 18 U.S.C. § 1543; and use of counterfeit visas in violation of 18 U.S.C. § 1546(a).

 Defendant understands and knowingly waives any right to a hearing before an Immigration Judge or before any other authority under the Immigration and Nationality Act on the question of his deportability or removability from the United States. In this regard Defendant understands and knowingly waives his rights to examine the evidence against him, to present evidence on his own

behalf, or to cross-examine any witnesses presented by the government, in any administrative removal proceeding and to appeal from a determination of deportability or removability.

Defendant understands and knowingly waives his right to apply for any relief from deportability or removability from the United States that would otherwise be available to him. Defendant understands that if he is an alien lawfully admitted for permanent residence, acceptance of a final order of deportation or removal from the United States terminates that status.

Defendant understands that execution of an order of removal against him will have the legal consequence under the immigration laws of permanently barring him from re-entering the United States without obtaining the prior approval of the Secretary for Homeland Security.

Defendant agrees and stipulates to accept a final judicial order of deportation or removal knowing that it will result in his amenability to immediate deportation or removal from the United States upon conviction and completion of any period of incarceration.  Defendant agrees that the order of deportation or removal be issued for his deportation to Brazil, or to any other country as prescribed by the immigration laws and regulations of the United States of America.

Defendant knowingly waives any and all rights to appeal, or to move to reopen or reconsider, or to seek to vacate, or to otherwise seek any judicial or administrative review of, the order of deportation or removal or the right of the United States Department of Homeland Security to enforce such order.  Defendant waives any right to and agrees he will not seek any judicial or administrative stay of execution of the order of removal or deportation.  Defendant waives any right to seek release from the custody of the United States Department of Homeland Security ("DHS") when DHS assumes such custody after conviction and his release from any period of incarceration and preparatory to arrangements for his deportation or removal from the United States.  Defendant agrees he will in all ways cooperate with DHS officials in the surrendering of or applying for any travel documents, or in other formalities relating to his deportation or removal from the United States and preparations therefore.

7.    Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge.

Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8.  **Information For Presentence Report**

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

9.  **Civil Liability**

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

10. **Rejection of Plea By Court**

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11. **Breach of Agreement**

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall

give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by her, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated December 17, 2003 without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

   12.   Who Is Bound By Agreement

   This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

   13.   Complete Agreement

   This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated December 17, 2003. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated December 17, 2003. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

   If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Gregory Moffatt.

        Very truly yours,

        MICHAEL J. SULLIVAN
        United States Attorney

By: _____
        JAMES B. FARMER,
        Assistant U.S. Attorney
        Chief,
        Criminal Division

        STEPHEN P. HEYMANN
        Assistant U.S. Attorney
        Deputy Chief,
        Criminal Division

        GREGORY MOFFATT
        Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

    I have read this letter in its entirety, and had it read to me in my native language, and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms

of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
HERACLITO SEGOVIA
Defendant

Date: 02/5/04

    I certify that Heraclito Segovia has read this Agreement, and has had it read to him in his native language, and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
JAMES B. KRASNOO, ESQ.
Attorney for Defendant

Date: 2/5/04